UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| TAMIR ABDULLAH,<br><br>    Petitioner,<br><br>v.<br><br>GREGORY KIZZIAH, Warden,<br><br>    Respondent. | Civil Action No. 7:17-048-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Tamir Abdullah is a federal prisoner confined at the United States Penitentiary – Big Sandy in Inez, Kentucky. Proceeding without a lawyer, Abdullah has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Abdullah's petition.

In 2004, Abdullah was convicted of conspiracy to possess with the intent to distribute more than 50 grams of cocaine, as well as possession with the intent to distribute 20.8 grams of cocaine.[1] The trial court determined that Abdullah had two or more prior convictions for a "felony drug offense" and, thus, was subject to a mandatory life sentence pursuant to 21 U.S.C. § 841(b)(1)(A). The district court imposed that sentence in March 2005. Abdullah then challenged his convictions and sentence on direct appeal and through a motion to vacate under 28 U.S.C. § 2255, but his efforts were unsuccessful.

---

[1] The procedural history is found at *United States v. Tamir Abdullah*, No. 1:03-cr-486-JRA-1 (N.D. Ohio 2005).

Abdullah has now filed a § 2241 petition with this Court. [R. 1]. Abdullah argues that one of his prior convictions does not constitute a "felony drug offense" and, as a result, his sentence was improperly enhanced. Abdullah therefore asks this Court to vacate his sentence.[2]

Abdullah's § 2241 petition, however, constitutes an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his sentence through a direct appeal and a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Abdullah cannot use a § 2241 petition as a way of challenging his sentence.

Abdullah nevertheless suggests that he *can* attack his sentence in a § 2241 petition, and he cites *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), to support his position. [R. 1-1]. In *Hill*, the Sixth Circuit indicated, for the first time, that a prisoner may challenge his sentence in a § 2241 petition if he can show that "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Hill*, 836 F.3d at 599. However, the Sixth Circuit expressly limited its decision to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (January 12, 2005)." *Hill*, 836 F.3d at 599. In this case, the trial court

---

[2] Abdullah also briefly argues that his sentence was unconstitutional in light of a memorandum written by former Attorney General Eric Holder regarding when the Department of Justice should pursue certain sentence enhancements. However, the memorandum that Abdullah cites was written eight years after he was sentenced and, in any event, simply offers a policy statement; it does not provide a legal basis on which Abdullah can collaterally attack his sentence.

2

sentenced Abdullah in March 2005, after the Supreme Court decided *Booker*, and, in any event, Abdullah's sentence was enhanced pursuant to § 841(b)(1)(A), not the sentencing guidelines. Thus, there is no merit to Abdullah's argument that he can attack his sentence enhancement in a § 2241 petition.

Moreover, even if Abdullah could somehow rely on *Hill*, he has failed to identify a subsequent, retroactive active change in statutory interpretation by the Supreme Court that reveals that one of his previous convictions is not a "felony drug offense." To be sure, Abdullah cites the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013). But *Descamps* discussed the approach courts should use to determine whether a prior conviction constitutes a violent felony for purposes of the Armed Career Criminal Act (ACCA), and, here, Abdullah received his sentence enhancement under § 841(b)(1)(A), not the ACCA. Plus, as this Court has recently explained, controlling Sixth Circuit case law indicates that *Descamps* is not retroactive. *See Griffin v. Kizziah*, No. 7:16-cv-278-KKC (E.D. Ky. August 30, 2017). Simply put, Abdullah's reliance on *Descamps* is unavailing.

Accordingly, it is hereby **ORDERED** as follows:

1. Abdullah's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated September 1, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3